RICHARD A. BRINE
*vs.*
STATE OF MAINE

Cumberland County.    Opinion, December 3, 1964.

*Thomas F. Monaghan, Esq.,* for Plaintiff.

*John W. Benoit, Asst. Atty. General,* for State.

SITTING: WILLIAMSON, C. J., WEBBER, SULLIVAN, SIDDALL, MARDEN, JJ.   TAPLEY, J., did not sit.

WEBBER, J.   The petitioner is confined in the Maine State Prison serving a sentence of life imprisonment imposed after his conviction for murder. He seeks post-

conviction relief pursuant to the provisions of R. S., Chap. 126, Sec. 1-A to 1-G inclusive (P. L., 1963, Chap. 310, Sec. 1). The petitioner asserted his indigency and requested that the court appoint counsel to aid him in the prosecution of his petition. The justice below found the petitioner to be indigent but declined to appoint counsel on the ground that the petition is without merit. The petition was dismissed with prejudice. Petitioner seasonably appealed and is now represented by court appointed counsel on this review. The appeal in substance raises issues both as to the dismissal of the petition and the refusal to appoint counsel.

R. S., Chap. 126, Sec. 1-E provides in part:

"If the justice finds that the * * * petition is frivolous or without merit or filed in bad faith, the request for appointment of counsel *shall be denied* and the justice shall file a decree setting forth his findings and his decision thereon *shall be final.*" (Emphasis ours.)

The legislature has made it clear that the decision of a single justice *not to appoint counsel* in post-conviction relief cases is not appealable. We do not construe this finality of decision as applying to other questions of law which may be raised by the allegations of the petition. As will be seen, the constitutionality of the above quoted portion of the statute presents the primary issue for consideration here.

The petition avers that the petitioner "is illegally imprisoned in that he was not allowed to make a final statement before he was sentenced." His counsel in oral argument properly conceded that this ground for the petition is without merit and is therefore abandoned. In so saying counsel quite appropriately recognized that no matter of jurisdiction or constitutional right is involved. See *Hill* v. *United States* (1962), 368 U. S. 424, 82 S. Ct. 468. Where

the right is recognized it exists by reason of statute (as in several of the states) or by rule of court (as in the Federal system). See *Green* v. *United States* (1961), 365 U. S. 301, 81 S. Ct. 653; *Hill* v. *United States, supra; Machibroda* v. *United States* (1962), 368 U. S. 487, 82 S. Ct. 510; *Andrews* v. *United States* (1963), 373 U. S. 334, 83 S. Ct. 1236; and Anno. 96 A. L. R. (2nd) 1292. There is no provision in the constitution or in any statute or rule of court in this state which creates such a right. The rationale which gave rise to the right of allocution under the early common law has no application in a day when respondents are afforded counsel in all felony cases as well as the right of appeal. Since a life sentence for the crime of murder is mandatory in Maine and cannot be reduced by the court, a statement by the respondent before sentence could avail nothing.

As his second ground for relief the petitioner set forth that the indictment on which he was convicted did "not inform the accused of the nature and cause of the accusation." The justice below determined that this issue had been adjudicated against the petitioner in a prior proceeding. No appeal from this ruling has been included in the points of appeal and the parties agree that this issue is therefore not now before us.

The petitioner further alleges that upon his trial he "was deprived of due process of law in that the prosecutor refused to turn over to defendant (petitioner) certain Grand Jury testimony of witnesses, where testimony conflicted with this testimony at the trial." This ground was also abandoned by counsel for petitioner in the course of oral argument. The contention is without merit. No case has been called to our attention which even remotely suggests that there is a constitutional deprivation of rights when a prosecuting attorney fails or refuses to invade the secrecy of Grand Jury proceedings, there being no intervening

action of the court authorizing, directing or approving such a disclosure. It should be noted that we are not here deal-ing with the ruling of a court denying to a party access to conflicting testimony of a witness given before a Grand Jury and now essential to an effective presentation of the party's case. Cf. *Pittsburgh Plate Glass Co.* v. *United States* (1959), 360 U. S. 395, 79 S. Ct. 1237.

The petitioner relies heavily and in fact exclusively on his contention that a portion of the statute (R. S., Chap. 126, Sec. 1-E) is unconstitutional. Reference is to the above quoted provision which requires a presiding justice to decline to appoint counsel for an indigent petitioner if he finds that the petition is "frivolous or without merit or filed in bad faith." In effect he contends that even such a petition, though devoid of merit, should alert the court to the fact that the petitioner thinks or believes that he may have a grievance and that he should then have court appointed counsel to advise him and if necessary to redraft or amend the petition. This, he argues, is the effect of the constitutional guarantee of equal protection of the laws. We cannot agree that constitutional requirements go so far. In *Duncan, Petr.* v. *Robbins* (1963), 159 Me. 339, 193 A. (2nd) 362, while recognizing that no case as yet decided by the United States Supreme Court had imposed the requirement, we found a constitutional deprivation when an indigent person was not afforded counsel *at his hearing* on the common law writ of error *coram nobis*. In that case the writ had issued and the petitioner was proceeding "as of right." We neither intimated nor suggested that in our view court appointed counsel must be provided at the petition stage and before issuance of the writ. The statute above quoted meets all the requirements of *Duncan* but properly, we think, requires a recitation of some facts by the petitioner which if proved would warrant some relief. We find nothing in recent cases decided by the United States Supreme Court which suggests a contrary result.

In *Douglas* v. *People of State of California* (1963), 372 U. S. 353, 355, 359, 367, 83 S. Ct. 814, 816, 817, 821, the court found a violation of the equal protection clause where indigent respondents upon their appeal from a criminal conviction were denied appointed counsel after the state appellate court reviewed their record and concluded that "no good whatever could be served by appointment of counsel." In the majority opinion, however, the court carefully pointed out the limited scope of its decision in the following terms:

> "We are not here concerned with problems that might arise from the denial of counsel for the preparation of a petition for discretionary or mandatory review beyond the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon by an appellate court. *We are dealing only with the first appeal, granted as a matter of right to rich and poor alike * * * from a criminal conviction. * * ** But it is appropriate to observe that a State can, consistently with the Fourteenth Amendment, provide for differences so long as the result does not amount to a denial of due process or an 'invidious discrimination.' * * * Absolute equality is not required; lines can be and are drawn and we often sustain them. * * * *But where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor.*" (Emphasis ours.)

Mr. Justice Clark and Mr. Justice Harlan in their dissenting opinions both made reference to the present practice of the United States Supreme Court itself. Mr. Justice Clark said:

> "Last Term we received over 1200 *in forma pauperis* applications in none of which had we appointed attorneys or required a record. Some were appeals of right. Still we denied the peti-

tions or dismissed the appeals on the moving papers alone. At the same time we had hundreds of paid cases in which we permitted petitions or appeals to be filed with not only records but briefs by counsel, after which they were disposed of in due course."

Mr. Justice Harlan said:

"Under the practice of this Court, only if it appears from the petition for certiorari that a case merits review is leave to proceed *in forma pauperis* granted, the case transferred to the Appellate Docket, and counsel appointed. Since our review is generally discretionary, and since we are often not even given the benefit of a record in the proceedings below, the disadvantages to the indigent petitioner might be regarded as more substantial than in California. But as conscientiously committed as this Court is to the great principle of 'Equal Justice Under Law,' is has never deemed itself constitutionally required to appoint counsel to assist in the preparation of each of the more than 1,000 *pro se* petitions for certiorari currently being filed each Term. We should know from our own experience that appellate courts generally go out of their way to give fair consideration to those who are unrepresented."

Sound public policy militates against the appointment of counsel for every indigent prisoner who merely desires legal advice. We have now had the benefit of some experience with the practical application of R. S., Chap. 126, Secs. 1-A to 1-G since many petitions have been filed under these sections and disposed of by the court. We are not persuaded that any petitioner with a meritorious grievance has been disadvantaged by the requirements of the statute. The petition in the instant case is no exception. The facts relied upon and which in the petitioner's view at the time of filing constituted a remediable grievance are readily apparent. The difficulty is not in comprehending the petitioner's claim — it is only that as a matter of law the

remedy he seeks is not available to him. The mere presence of court appointed counsel would not and could not change or alter this result. Our system now provides that at the moment of his greatest need — that is, at the time of his trial and subsequent appeal, an indigent respondent is provided with court appointed counsel and his rights are thus fully protected. At the post-conviction relief stage a petitioner who presents a legitimate reason for relief is likewise protected. We are satisfied that R. S., Chap. 126, Secs. 1-A to 1-G provide a method of post-conviction relief which is fair and adequate and meet all constitutional requirements with respect to the appointment of counsel. The justice below correctly found the petition to be without merit on its face. He was therefore required by the statute to decline to appoint counsel.

*Appeal denied.*