**Richard A. BRINE**

v.

**STATE of Maine and Allan L. Robbins, Warden.**

Supreme Judicial Court of Maine.

July 28, 1967.

———◆———

Neil D. MacKerron, Bridgton, for appellant.

John W. Benoit, Asst. Atty. Gen., Augusta, for appellees.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

WILLIAMSON, Chief Justice.

This is an appeal from the dismissal of appellant's petition of April 1966 for Writ of Post Conviction Habeas Corpus on motion of the respondents. 14 M.R.S.A. Section 5502 et seq. The Justice below found as follows:

"I find that all matters raised in the instant petition for writ of habeas corpus should have been presented and included in his petition dated November 5, 1963. The fact that he did not do so constitutes a waiver under the statutory provisions of § 5507.

I further find that the State or Federal Constitutions do not require me to consider the instant petition because the matters contained therein could reasonably have been raised in the petition of November, 1963."

In the November 1963 petition the same Justice found the petitioner to be indigent but declined to appoint counsel on the ground that the petition was without merit. The petition was dismissed with prejudice. The then appeal of the petitioner, in which he was represented by court appointed counsel, was denied. The court said:

"The justice below correctly found the petition to be without merit on its face. He was therefore required by the statute to decline to appoint counsel." Brine v. State of Maine, 160 Me. 401, 407, 205 A.2d 12, 15.

The 1966 petition, in the words of the Justice below,

"alleges in substance, (1) that the trial court in its charge to the jury deprived the petitioner of a fair trial in many respects which are detailed in the petition; (2) that evidence was improperly admitted; (3) that there was perjured testimony; (4) that prosecution officials suppressed evidence favorable to petitioner; (5) complaint against counsel; and finally, it would appear according to his

petition that he seeks a new trial on the grounds of newly discovered evidence."

No one of the errors now claimed were included in the 1963 petition. A request for appointment of counsel in the present case was withdrawn when petitioner retained counsel.

Section 5507 relating to waiver and dismissal reads:

"All grounds for relief claimed by a petitioner under this remedy must be raised by a petition in his original or amended petition, and any grounds not so raised are waived unless the State or Federal Constitution otherwise requires or any justice on considering a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. A petitioner who has previously entered a petition under the Revised Statutes of 1954, chapter 126–A [now 14 M.R.S.A. Sec. 5502, et seq.] or under chapter 129, sections 11 and 12 [writ of error] shall not be granted the writ under this remedy unless the court on considering the petition finds grounds for relief asserted therein which could not reasonably have been raised in said previous petition."

The net result of the decision below is that an indigent petitioner unaided by counsel in 1963 has been held to standards in the preparation of his petition properly required had he been represented by counsel. We are satisfied that the evidence does not permit a finding that he knowingly and intelligently in 1963 waived his right to proceed on the claims presented in 1966. Under the same principle the finding that the 1966 claims could reasonably have been raised in 1963 was in error.

"The classic definition of waiver enunciated in Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461—'an intentional relinquishment or abandonment of a known right or privilege'—furnishes the controlling standard." Fay v. Noia, infra, 83 S.Ct. at 849.

In short, the petitioner is not bound by the claims of 1963. He is entitled to be heard on the 1966 petition. Whether it will withstand attack for lack of merit on its face or for any reason is not the immediate problem. The petitioner seeks to have the dismissal under § 5507 removed. Due process under the State and Federal Constitutions so requires. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

For standards governing Federal habeas corpus for state prisoners, by analogy applicable to our Court, see 28 U.S.C.A. § 2254, as amended November 2, 1966.

The entry will be:

Appeal sustained.

Case remanded for action consistent with this Opinion.

TAPLEY, J., did not sit.