## Larry D. FLETCHER

### v.

## Allan L. ROBBINS et al.

Supreme Judicial Court of Maine.

Nov. 9, 1967.

Charles A. Lane, Portland, for appellant.

John W. Benoit, Asst. Atty. Gen., Augusta, for appellees.

Before WILLIAMSON C. J., and WEBBER, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEATHERBEE, Justice.

On appeal.

The petitioner is confined in the Maine State Prison where he is serving a sentence imposed in the Superior Court as a result of having pleaded guilty to a charge of breaking and entering in the nighttime with intent to commit larceny. He was represented by court appointed counsel at that time.

While so confined he has prepared pro se a petition for a statutory writ of habeas corpus alleging that the indictment was void and his sentence invalid and asking the appointment of counsel to represent him because of his indigency. The justice in the superior court found that the petition was,

on its face, without merit, and dismissed it without hearing and, because of its lack of merit, refused to appoint counsel to represent him in the superior court.

Petitioner appealed and the justice appointed counsel to represent him in the appeal.

Petitioner's two Points on Appeal are:

"1. Whether the presiding justice erred in dismissing the petition for habeas corpus.

2. Whether petitioner was denied due process of law by not having the guiding hand of counsel to assist him in framing his petition."

We will consider first the alleged insufficiency of the indictment. It reads:

"On or about the 10th day of December, 1965, in the County of Cumberland, State of Maine, Larry D. Fletcher did break and enter with intent, the variety store of one Hall C. Sawyer, Sr. a building in which valuable things were kept, on 833 Gray Road in the Town of Gorham, the goods, chattels and property of said Hall C. Sawyer, Sr., in said store then and there being, feloniously to steal, take and carry away in the nighttime of said day."

It is the petitioner's contention that the indictment is not sufficient in that it does not allege that the breaking and entering was unlawful or felonious or made with an unlawful or felonious intent.

The indictment charges the defendant with violating the provisions of 17 M.R. S.A. § 754, which reads:

"Whoever, with intent to commit a felony or any larceny, breaks and enters in the daytime or enters without breaking in the nighttime any dwelling house, or breaks and enters any office, bank, shop, store, warehouse, vessel, railroad car of any kind, motor vehicle, aircraft, house trailer, or building in which valuable things are kept, any person being lawfully therein

and put in fear, shall be punished by imprisonment for not more than 10 years; but if no person was lawfully therein and put in fear, by imprisonment for not more than 5 years or by a fine of not more than $500."

It will be observed that the statute makes it a felony to break and enter in the daytime or to enter without breaking in the nighttime any one of the specified buildings or vehicles if the entering is made with the intent to commit a felony or larceny. The language of the statute in no way requires an allegation that the entering was felonious or unlawful—the statute *makes* any such entering a felony if it is made with the intent to commit felony or larceny. M.R C.P. Rule 7(c) does away with the requirement of merely formal allegations. An allegation that the breaking and entering was felonious would be a merely formal allegation. An allegation that it was unlawful would serve no useful purpose as *all* such breaking and enterings are unlawful if done with intent to commit a felony or larceny. State v. Charette, 159 Me. 124, 127, 188 A.2d 898 (1963); State v. Chase, 149 Me. 80, 90, 99 A.2d 71 (1953); State v. Neddo, 92 Me. 71, 42 A. 253 (1898); Glassman, Maine Practice, Sec. 7.7. The indictment was sufficient and the petition was without merit. There being no question of fact before the justice, he acted correctly in dismissing the petition on its face.

14 M.R.S.A. § 5506, reads in part:

"If the justice finds * * * that the petition is frivolous or without merit or filed in bad faith, the request for appointment of counsel shall be denied and the justice shall file a decree setting forth his findings * * *"

Having found the petition to be without merit the justice was required by the statute to refuse to appoint counsel. Brine v. State, 160 Me. 401, 407, 205 A.2d 12, 15 (1964).

■ The petitioner contends that he was denied due process of law by the refusal of the justice to appoint counsel to represent him on the petition which the justice had found to be without merit. In Brine v. State, supra, we examined Sec. 5506 in the light of Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811 (1963). We concluded there that the holding in *Douglas* did not impose upon the states the requirement of appointment of counsel in the presentation of petitions for habeas corpus which are without merit. We know of no authority since then which would now compel a contrary result.

■ The state's willingness to provide counsel for indigent prisoners in habeas corpus is limited only by the condition that the complaint should be serious, made in good faith and that it should state a grievance which, if proved, would entitle the petitioner to relief.

■ The petitioner has not been disadvantaged by the justice's ruling. He has been able to present the issue of the validity of the indictment to this court on appeal from the presiding justice's decision, and competent court appointed counsel has assisted him in this appeal. We have recognized that the prosecution of such a petition by an indigent petitioner who has been denied court appointed counsel does not constitute the waiver of other possible grounds which 14 M.R.S.A. contemplates. Brine v. State, Me., 232 A.2d 88 (1967).

Appeal denied.

TAPLEY, J., did not sit.