**Eddie LEMAY**

**v.**

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

Aug. 1, 1968.

Irving Friedman, Lewiston, for Eddie Lemay.

John W. Benoit, Asst. Atty. Gen., Augusta, for the State.

Before WILLIAMSON, C. J., and TAPLEY and MARDEN, JJ.

WILLIAMSON, Chief Justice.

This is an appeal by an indigent petitioner from the dismissal without prejudice of a post-conviction habeas corpus petition. 14 M.R.S.A. § 5502 et seq. The Justice below, finding the petition to be frivolous, dismissed the petition on its face without hearing and without the appointment of counsel. The petitioner is here represented by court appointed counsel.

The petitioner sought to attack the sufficiency of the indictment upon which he was convicted of assault with intent to murder upon his plea of guilty. The indictment reads as follows:

AT THE SUPERIOR COURT, begun and holden at Auburn within and for the

County of Androscoggin, on the first Tuesday of JANUARY in the year of our Lord one thousand nine hundred and sixty-three. THE JURORS FOR SAID STATE upon their oath present that EDDIE LEMAY, of Lewiston, County of Androscoggin, State of Maine, on the seventh day of September 1962, at said Lewiston being then and there armed with a dangerous weapon, to wit, a revolver then and there loaded with powder and leaden bullets, did feloniously assault one Georgette Gagnon, with intent her, the said Georgette Gagnon, then and there feloniously, willfully and of his malice aforethought to kill and murder.

The indictment was drawn under the following statute.

"Whoever assaults another with intent to murder or kill, if armed with a dangerout weapon, shall be punished by imprisonment for not less than 1 year nor more than 20 years; when not so armed, by a fine of not more than $1,000 or by imprisonment for not more than 10 years." R.S.1954, c. 130, § 6 (now 17 M.R.S.A. § 2656).

The indictment meets the test of State v. Charette, 159 Me. 124, 127, 188 A.2d 898 (1963).

"The test to be applied is whether a respondent of reasonable and normal intelligence, would, by the language of the indictment, be adequately informed of the crime charged and the nature thereof in order to be able to defend and, if convicted, make use of the conviction as a basis of a plea of former jeopardy, should the occasion arise."

The indictment follows the time tested form found in Whitehouse & Hill, Directions and Forms, Criminal Procedure in Maine, p. 66; State v. Lynch, 88 Me. 195, 33 A. 978 (1895); State v. Leavitt, 87 Me. 72, 32 A. 787 (1894).

In State v. Doyon, Me., 221 A.2d 827 (1966) we held that an indictment substantially like that before us covered assault with intent either to murder or to kill. The Trial Court removed intent to murder from consideration of the jury by instructing them that the element of malice aforethought was to be considered surplusage. The defendant was then found guilty of assault with intent to kill.

■ In the present case it is apparent from the record of the proceedings relating to the plea and sentencing that the defendant pleaded guilty to assault with intent to murder. There is no confusion about the extent of his plea.

■ The defendant's contention that his sentence of not less than six or more than twelve years was excessive is without merit. The sentence was within the limits of the statute.

The remaining points of appeal relate to matters not contained in the petition and are therefore not before us.

To summarize:

■ The indictment was plainly sufficient. The sentence was plainly not excessive. The Justice below correctly found that the petition was frivolous. He therefore lacked authority to appoint counsel. The petitioner not having had counsel, has not by the present petition waived grounds for relief not claimed therein. 14 M.R.S.A. §§ 5506–5507; Brine v. State, 160 Me. 401, 205 A.2d 12 (1964); Brine v. State, Me., 232 A.2d 88 (1967).

Dismissal of the petition without prejudice was properly entered. The entry will be:

Appeal denied.

WEBBER, DUFRESNE and WEATHERBEE, JJ., did not sit.