**Robert WESTBERRY**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

June 3, 1969.

Edward C. Dalton, Jr., Falmouth, for plaintiff.

Garth K. Chandler, Asst. Atty. Gen., Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN and WEATHERBEE, JJ.

MARDEN, Justice.

On appeal from the denial of post-conviction relief.

In April of 1965 petitioner, with court appointed counsel and after waiver of indictment, pleaded guilty to an Information charging him with uttering and publishing a forged instrument. He was sentenced to serve not less than three nor more than six years at the State Prison.

By complaint undated, but sworn to December 21, 1965, he sought post-conviction relief[1] alleging that neither the forged instrument allegedly uttered and published, nor a copy thereof, was attached to and made a part of the Information, and that the Office of the Clerk of Courts in the County where the proceedings took place could not produce the original, or a copy of the instrument referred to.  ·

In this petition he neither alleged indigency nor requested that counsel be appointed to represent him.[2]  The presiding

1. Under statute created by Chapter 310 P.L.1963, effective September 21, 1963.

2. 14 M.R.S.A. § 5506. "Such justice may appoint an attorney for an indigent peti-

Justice held that this petition was without merit and dismissed it. Petitioner filed a notice of appeal to this dismissal, which appeal was seasonably dismissed for lack of prosecution. There is nothing in the record to indicate that he represented indigency or asked for counsel on this appeal.

By complaint undated, but sworn to on May 31, 1966, petitioner sought post-conviction relief alleging he was being illegally held upon a sentence that was in excess of that authorized by statute, and that his court appointed counsel failed to protect him from such unauthorized sentence. In this petition he neither represented indigency nor requested the appointment of counsel.

This petition was dismissed upon a holding that the sentence was within statutory limits, and the complaint without merit.

By complaint undated, but sworn to March 28, 1968, he now alleges that he is being unlawfully confined because of insufficiency of the Information to which he entered a plea of guilty, and while he does not therein represent himself indigent, he does request the appointment of counsel. This petition was dismissed, without appointment of counsel, upon the basis that the points raised had either been adjudicated on the two previous petitions, or had been waived under the provisions of 14 M. R.S.A. § 5507.[3] Implicit in the dismissal of this petition is a finding that constitutional requirements did not demand other treatment.

To this dismissal, petitioner filed notice of appeal, requested appointment of counsel, which request was granted and which counsel prosecutes this appeal.

In Brine v. State et al., Me., 232 A.2d 88 (1967), it was ruled that a petitioner who had established his indigency, but had been refused counsel upon the basis that his petition (1963) was without merit, Brine v. State, 160 Me. 401, 205 A.2d 12 (1964), and whose second petition (1966) was dismissed because its newly alleged grounds were omitted from the first petition and therefore waived, was erroneously held to standards in the preparation of his first petition which could be expected only by representation by counsel. It was held that he was not bound by his ostensible waiver in the 1963 petition and that he was entitled to have counsel appointed and be heard on his 1966 petition.

We are here asked to extend the holding of the 1967 *Brine* case to petitioners who have previously filed complaints *pro se* without representation of indigency and without request for counsel.

■ The constitutional basis for supplying legal counsel to indigent persons is to afford such person "due process" and "equal protection of the laws" under the Fourteenth Amendment of the Constitution of the United States and Article I, Section 6-A of the Maine Constitution. It is to place the indigent upon equal footing with those who can, from their own resources, employ counsel and litigate their causes.

■ While it may be true that the non-indigent lay person, or the indigent lay person who fails to disclose his indigency,

---

tioner when a petitioner so requests upon a determination that the petition is filed in good faith, has merit or is not frivolous. If the justice finds that the petitioner has financial means with which to employ counsel, or if he finds that the petition is frivolous or without merit or filed in bad faith, the request for appointment of counsel shall be denied and the justice shall file a decree setting forth his findings and his decision thereon shall be final."

3. "All grounds for relief claimed by a petitioner under this remedy must be raised by a petitioner in his original or amended petition, and any grounds not so raised are waived unless the State or Federal Constitution otherwise requires or any justice on considering a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition."

**46**

is no better able to meet the requirements of legal procedure and pleading and to waive legal issues than the person found to be indigent but denied counsel, there is one notable distinction. The indigent attempts to proceed without counsel, not by choice but by necessity. The non-indigent attempts to proceed without counsel by choice and his election to do so is protected by statute.[4] In re Smith, Petr., 145 Me. 174, 74 A.2d 225. See also Mottram, Petr. v. State, 160 Me. 145, 200 A.2d 210. Such person cannot be required to employ counsel. Abernethy v. Burns, 206 N.C. 370, 173 S.E. 899 (1934).

We are asked here to put the non-indigent person upon constitutionally equal footing with the indigent person which can be done neither by requiring counsel nor the use of public funds for that purpose.

▮ If the litigant elects to prosecute or defend his cause *pro se* he is as much bound by the result as he would be were he prosecuting or defending his cause with employed counsel. See Ackerman v. Southern Arizona Bank & Trust Co., 39 Ariz. 484, 7 P.2d 944 (1932); Biggs v. Spader et al., 411 Ill. 42, 103 N.E.2d 104, 107 [10] (1952); Knapp v. Fleming et al., 127 Colo. 414, 258 P.2d 489, 489 [1] (1953); Lombardi v. Citizens National Trust & Savings Bank of Los Angeles, 137 Cal.App.2d 206, 289 P.2d 823, 824 [1] (1955, hearing denied 1956); Doran v. Dreyer, 143 Cal.App.2d 289, 299 P.2d 661, 662 [1] (1956); Lutz v. Webster Hall Hotel, Inc., 183 Pa.Super. 557, 132 A.2d 410 (1957); and Stark v. Stark, 79 S.D. 178, 109 N.W.2d 904, 906 [7–9] (1961).

The dismissal was without error.

Appeal denied.

TAPLEY and DUFRESNE, JJ., did not sit.

4. 4 M.R.S.A. § 860. "Parties may plead and manage their own causes in court or do so by the aid of such counsel as they see fit to employ. * * * "