Carroll WILLIAMS

v.

STATE of Maine et al.

Supreme Judicial Court of Maine.

May 5, 1971.

Carl W. Stinson, Bath, for plaintiff.

John E. Quinn, Asst. Atty. Gen., Augusta, for defendants.

Before DUFRESNE, C. J., and WEB-
BER, POMEROY, WERNICK and
WEATHERBEE, JJ.

WEATHERBEE, Justice.

In October of 1969 the Sagadahoc Coun-
ty Grand Jury returned against Petitioner
two indictments which contained a total of
six counts. Two of these counts charged
Petitioner with offenses of assault and bat-
tery of a high and aggravated nature upon
each of two step-daughters. Petitioner en-
tered pleas of guilty to both of these
counts and was sentenced to serve concur-
rent State Prison terms of 1½ to 5 years.
He was confined in the prison at the time
he filed this petition for the statutory writ
of post-conviction habeas corpus attacking
the validity of one of his convictions.

The Justice in the Superior Court dis-
missed the petition as being without merit,
without appointment of counsel and with-
out hearing. 14 M.R.S.A. § 5506. He
then appointed counsel to represent Peti-
tioner on appeal to this Court.

Section 5506 required the Justice to take
the action he took if he found the petition
to be without merit on its face and this ap-
peal presents the issue of the correctness
of his finding of absence of merit.

■ Petitioner's first claim of error at-
tacks the constitutionality of sec. 5506 in
that it denies an indigent petitioner ap-
pointment of counsel if the Justice finds
the petition is frivolous or without merit.
We said in Brine v. State, 160 Me. 401,
205 A.2d 12 (1964) that in providing for
appointment of counsel for all petitioners
who present a legitimate reason for post-
conviction relief our statute is fair and ad-
equate and meets all constitutional require-
ments with respect to appointment of coun-
sel. We remain convinced of the correct-
ness of that appraisal, especially in view of
the availability of review on frivolity and
merits. Brine v. State, supra.

The only other issue raised by the peti-
tion for the writ of habeas corpus which is
relevant to the issue before us—that is, to
the issue of the correctness of the Justice's
determination that the petition was on its
face without merit—is that of the adequacy
of the count of one of the indictments to
which Petitioner pleaded guilty.

At this point we must observe that Peti-
tioner pleaded guilty to Count 4 in indict-
ment No. 4016 and to Count 2 in indict-
ment No. 4017. In his petition for the
writ Petitioner seeks relief from his con-
viction in "Docket No. 4015 in which pro-
ceeding petitioner was convicted of the
crime of Assault and Battery of High and
Aggravated Nature". While the identifi-
cation by docket number is erroneous as to
either charge, we are satisfied that Peti-
tioner intended to seek relief from both
convictions. As Petitioner was without
counsel below and as the indictments are
identical except as to the name of the child
assaulted, we will treat the petition as re-
ferring to both Docket No. 4016 and No.
4017.

Count 4 of No. 4016 reads:

"That on or about the nineteenth day
of September, 1969, in the Town of
Richmond, County of Sagadahoc and
State of Maine, the above named De-
fendant, Carroll Williams, did on and
upon one P——— feloniously make an
assault of a high and aggravated nature,
and *him, the Said Carroll Williams,* then
and there feloniously and in a high and
aggravated nature did strike, beat,
bruise, wound and ill-treat," (Emphasis
added)

That the indictments failed to allege a
battery upon the victim was apparently
overlooked in the Superior Court. Joy v.
State, Me., 230 A.2d 231 (1967).

17 M.R.S.A. § 201 defines the offenses
of assault and assault and battery:

"Whoever unlawfully attempts to
strike, hit, touch or do any violence to
another however small, in a wanton,
willful, angry or insulting manner, hav-

ing an intention and existing ability to do some violence to such person, is guilty of an assault. If such attempt is carried into effect, he is guilty of an assault and battery. \* \* \* When the offense is of a high and aggravated nature, the person convicted of either offense shall be punished \* \* \*."

 Under our statutes, as under the common law, assault and assault and battery are separate and distinct legal concepts and offenses but an assault is a necessarily included element of an assault and battery. It is sometimes said that an assault is an inchoate battery and that a battery is a consummation of an assault. 6 Am.Jur.2d, Assault and Battery, § 7; 6 C.J.S. Assault and Battery § 1. The charge of assault is necessarily included in every allegation of assault and battery and the failure to properly allege a battery does not affect the validity of the indictment as a charge of assault. 6 C.J.S. Assault and Battery § 110c.

Here the ineptly added allegations of battery fail to charge any offense at all beyond assault of a high and aggravated nature and are surplusage. Without them the indictments clearly and sufficiently allege assaults of high and aggravated nature. State v. Mahoney, 122 Me. 483, 120 A. 543 (1923).

The parties have included in the record the transcript at the time of plea and sentence. The transcript reveals a clear and adequate explanation to the Petitioner—then the Defendant—by the Presiding Justice of the nature of the charges and the meaning of the term "of a high and aggravated nature" as including sexual assaults. It also contains Petitioner's admission that he committed such assaults upon his step children, as charged.

We find no invalidity to Petitioner's pleas of guilty as far as they admit assaults of high and aggravated nature. The judgments of guilt of assault and *battery* of a high and aggravated nature, however,

are error. Weeks v. State, Me., 250 A.2d 827 (1969).

Petitioner's appeal is sustained.

The two cases, Docket No. 4016 and 4017 are remanded to the Superior Court for removal of the erroneous judgments, for entry of judgments of assault of a high and aggravated nature and for resentence.

Notice: This opinion is subject to formal revision before publication in the Maine Report. Readers are requested to notify the Administrative Assistant to the Chief Justice of any typographical or other errors of form in order that corrections may be made before the print goes to press.