STATE of Maine

v.

Earl W. SEELEY..

Supreme Judicial Court of Maine.

Jan. 26, 1976.

Joseph M. Jabar, Dist. Atty., Charles K. Leadbetter, Asst. Atty. Gen., Augusta, for plaintiff.

Wathen & Wathen, by Daniel Wathen, Jessie H. Briggs, Augusta, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DELAHANTY, Justice.

Earl W. Seeley was tried before a Superior Court (Kennebec County) jury on an indictment charging high and aggravated assault.[1] At the close of all the evidence, the presiding Justice denied the defendant's motion for a judgment of acquittal, and the jury found Seeley guilty of the offense charged.

In this appeal, the defendant urges that his motion for a judgment of acquittal should have been granted because the evidence was insufficient to support a guilty verdict. We disagree, and deny the appeal.

The jury could have predicated its verdict on the following facts:

Sometime during the first week of November, 1973, the defendant's house in Windsor was seriously damaged by fire. On the evening of November 8, 1973, as Ronald Girard and his wife sat at their

1. 17 M.R.S.A. § 201.

kitchen table watching television, they heard a knock on their door. Mr. Girard responded "come in" and the defendant—an acquaintance and neighbor of the Girards—, somewhat intoxicated and in an agitated state, truculently entered the kitchen.

Seeley took a seat at the table and without further ado he promptly produced a .38 caliber revolver which was concealed on his person. The defendant accused Girard of burning down his house. As Seeley talked, he opened the chamber of the gun so that Girard could see that the weapon was loaded. After Girard denied the defendant's allegation, Seeley said, "If I were positive that you was the one that burned my house, I would blow your head off." Cocking the pistol and pointing it directly at Girard's head, the defendant continued, "I ought to anyway. I ought to kill you, your wife, and your kids."

At this tense juncture, Seeley demanded that Girard swear on a Bible that he was not responsible for the burning of the defendant's house. With Seeley's gun still trained on his head, Girard complied with the request. Sometime later, after the defendant's anger had to some degree subsided, Girard drove Seeley to a house where the latter was temporarily residing. Seeley was later arrested and indicted.

The statute defining the crime of assault reads, in part, as follows: "Whoever unlawfully attempts to strike, hit, touch or do any violence to another however small, in a wanton, willful, angry or insulting manner, having an intention and existing ability to do some violence to such person, is guilty of an assault." 17 M.R.S.A. § 201.

The defendant asserts that the proof was defective in two respects. (1) Seeley argues that there was no evidence that he *attempted* "to strike, hit, touch or do any violence . . . " to Ronald Girard. (2) He claims that because his threat to kill Girard and his family was "future and conditional," he lacked the *"intention*

. . . *to do some violence"* which the statute requires for conviction.

■■ The defendant's initial contention turns on the legal meaning of the term "attempt." We have said that "[A]n attempt by judicial standards means more than mere intention or preparation. In criminal terminology it conveys the necessary concept of action beyond mere preparation moving directly towards the commission of the substantive offense." *Logan v. State,* Me., 263 A.2d 266, 271 (1970); *State v. Doran,* 99 Me. 329, 332, 59 A. 440 (1904). An assault, under our statute, is an attempted or "inchoate" battery. *State v. Worrey,* Me., 322 A.2d 73, 80–81 (1974); *Williams v. State,* Me., 276 A.2d 601, 603 (1971).

■ There was undisputed evidence that the defendant entered the Girard house, drew a loaded gun, and pointed it directly at Girard's head from a distance of no more than a few feet away. This menacing conduct was a direct, unequivocal act toward the commission of a battery. The conduct was a calculated act in active implementation of a battery, exceeding in its totality "mere preparation."

■ The defendant's second point rests on a mistaken assumption. While an "intention . . . to do some violence" is an element of an assault under 17 M.R.S.A. § 201, the statute does not require that the assailant be possessed of an *absolute* intention to inflict violence on his victim. "An assault is committed when the assailant purposes to inflict injury unless a condition which he has no right to impose is complied with by the person assailed." R. Anderson, 1 Wharton's Criminal Law and Procedure 677 (1957). See *State v. Gagne,* Me., 349 A.2d 193, 197 (1975), in which we sustained an assault conviction when the defendant threatened to kill the prosecutrix if she resisted his sexual advances.

It is not questioned but a loaded .38 caliber revolver is a deadly weapon. The use here of the loaded weapon was accompanied by threats of violence. The present ability to do some violence—to effectuate a battery—was at hand. Seeley's declared and express intent to commit a battery was evident. It is of no moment that the threat was couched in conditional language. Nor can we overlook, as the defendant apparently has done, that other language, unconditional in its import, "I ought to [blow your head off] anyway. I ought to kill you, your wife and your kids," was directed against Girard by Seeley. Plainly, the defendant had no legal right to require that Girard take an oath disclaiming his responsibility for the burning of the defendant's house. The mere circumstance that the defendant's declared intention to do violence to Girard was contingent upon the victim's understandable readiness to comply with his assailant's demand in no way dilutes the evil of that intent.

The factual circumstances impart a flavor of aggravation to the assault [2] and we hold that the trial court properly denied the defendant's motion for a judgment of acquittal. We express our agreement with the jury verdict of guilty.

The entry must be:

Appeal denied.

WEATHERBEE, J., did not sit.

All Justices concurring.

---

2. Defendant does not take issue with the jury finding that the assault was high and aggravated.