**Richard Alan McEACHERN**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued Jan. 13, 1983.

Decided March 2, 1983.

---

Philip C. Worden (orally), Guilford, for plaintiff.

Charles K. Leadbetter, Asst. Atty. Gen. (orally), Augusta, for defendant.

Before McKUSICK, C.J., and GODFREY, ROBERTS, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

Petitioner, Richard Alan McEachern, appeals from a summary dismissal of his petition for post-conviction review by the Superior Court (Penobscot County). Petitioner argues that the court erred in dismissing his petition without appointing counsel and allowing an opportunity for counsel to seek amendment of the petition. We find no error and deny the appeal.

Petitioner is currently serving a life sentence in Maine State Prison having been convicted of murder (17–A M.R.S.A. § 201(1)(A). (Pamph.1982). The conviction was affirmed by this Court on direct appeal

in *State v. McEachern*, 431 A.2d 39 (Me. 1981).

The record in the present case reflects that in the fall of 1981, the petitioner filed a petition for post-conviction review in Superior Court pursuant to 15 M.R.S.A. §§ 2121–2132 (Ch. 305–A) (Supp. 1982–83). That petition was denied following an evidentiary hearing and this Court denied a certificate of probable cause.[1]

Thereafter, on April 20, 1982, petitioner filed a second petition for post-conviction review along with a motion and affidavit for appointment of counsel, pursuant to 15 M.R.S.A. § 2129(1)(A) and (B). In his petition, McEachern set forth the following grounds for relief:

(1) denial of due process of law;

(2) denial of effective assistance of counsel before, during and after his arrest, trial and sentencing;

(3) denial of effective assistance of counsel at his first post-conviction hearing; and

(4) alleged perjury by his trial counsel at his first post-conviction hearing.

He further stated that he was "unschooled in the science of law", that he had "many grounds and allegations", and needed the assistance of a particular attorney and would "need to file amendments" in the future.

On May 11, 1982, petitioner wrote a letter to the assigned justice seeking advice and informing the court that he had conferred with the attorney and that he was uncertain whether the attorney could represent him adequately and whether he might represent himself. Attached to his letter were 53 typewritten allegations which he wished to have addressed in his post-conviction review.[2] These allegations raised the following general issues:

(1) denial of effective assistance of appointed counsel at the time of trial and on appeal;

(2) defendant's incompetency at the time of trial;

(3) error on the part of the sentencing justice in concluding that the trial evidence supported a finding of premeditation;

(4) denial of effective assistance of appointed counsel at his first post-conviction hearing;

(5) bias and neglect of duty on the part of the justice assigned to his first post-conviction review hearing; and

(6) perjury by a witness (trial counsel) at his first post-conviction hearing.

On June 7, 1982, the court, pursuant to M.R.Crim.P. 70(b), summarily dismissed McEachern's petition for post-conviction review. In an opinion filed with the dismissal, the court reasoned that the petition was facially defective because the allegations either could have been raised at the previous hearing and therefore must be deemed waived,[3] or "[did] not affect the validity of the underlying judgment" (presumably referring to those allegations concerning the first post-conviction hearing). The court also stated that "[it did not] believe that any efforts by counsel, which petitioner is not sure he wants, could result in a petition which would state grounds for review." The present appeal followed.

Petitioner claims error in the court's failure to appoint counsel before considering dismissal of the petition. Although typically it is necessary to provide

---

1. Although no part of the record of this first post-conviction review proceeding was included in the record now before us, reference was made by the court in the order of summary dismissal, and by the defendant in his petition for post-conviction review.

2. These allegations appear to have been accepted as amendments to petitioner's original petition in this case.

3. In its opinion, the court erroneously cites to subsection 4 of 15 M.R.S.A. § 2128 instead of subsection 3. Subsection 4 deals with grounds which were or could have been raised under former Title 14 §§ 5502–5508 or its predecessors rather than with grounds which could have been raised in a prior 15 M.R.S.A. Ch. 305–A post-conviction proceeding.

counsel to an indigent petitioner prior to the dismissal of a petition for post-conviction review, the appointment of counsel is not required if *summary* dismissal is proper. *See* M.R.Crim.P. 70(c).[4]

M.R.Crim.P. 70(b) provides that:

If it plainly appears from the face of the petition and any exhibits annexed to it that the petition fails to show subject matter jurisdiction or to state a ground upon which post-conviction relief can be granted, the assigned justice shall enter an order for the summary dismissal of the petition, stating the reasons for the dismissal.

In ruling on the propriety of the summary dismissal in this case, therefore, this Court must determine whether McEachern's petition, on its face, establishes subject matter jurisdiction and could be construed to state any ground upon which post-conviction relief might be granted.

Analysis of the instant petition is best accomplished by differentiating between those allegations which are directed at the underlying trial and appeal, and those allegations which challenge the first post-conviction proceeding. Generally, absent an intervening state or federal constitutional mandate, *see, e.g., Nadeau v. State,* 232 A.2d 82, 85 (Me.1967), or where the

ground claimed could not reasonably have been raised in the earlier action, all issues which were or could have been properly resolved either on direct appeal or on a prior petition for post-conviction relief are barred from subsequent consideration by virtue of 15 M.R.S.A. § 2128(1) and (3). *See Duguay v. State,* 309 A.2d 234, 236 (Me.1973). There is no evidence of any such intervening change in the law or any other extenuating circumstance which would require the Court to consider the petitioner's allegations addressing the underlying criminal judgment. The alleged infirmities in the underlying criminal judgment could reasonably have been raised by McEachern in his first petition and, therefore, must now be deemed waived.[5] Moreover, it appears from the record that both the petitioner's claim of denial of effective assistance of counsel at trial and on appeal and his claim of incompetency at trial were in fact raised by him in his first post-conviction petition. Accordingly, as to those allegations summary dismissal was proper.

The last three issues raised by the petitioner, which relate to the first post-conviction hearing, pose a novel question: Does Chapter 305–A confer upon the Superior Court the authority to review a prior post-conviction proceeding?[6]

**4.** This Court has previously held that there is no constitutional requirement compelling the appointment of counsel in the presentation of petitions for post-conviction review which are adjudged to be without merit. *Williams v. State,* 276 A.2d 601, 602 (Me.1971); *Fletcher v. Robbins,* 234 A.2d 636, 638 (Me.1967); *Brine v. State,* 160 Me. 401, 404, 205 A.2d 12, 14 (1964).

The duty of the State to provide counsel to indigent defendants, on review, as set forth in *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), is not absolute, but rather is simply to assure the indigent defendant "an adequate opportunity to present his claims fairly" in the context of the State's review process. *United States v. MacCollom,* 426 U.S. 317, 328, 96 S.Ct. 2086, 2092, 48 L.Ed.2d 666 (1976), *quoting Ross v. Moffitt,* 417 U.S. 600, 616, 94 S.Ct. 2437, 2446, 41 L.Ed.2d 341 (1974). Federal courts, for example, require that the reviewing judge must first certify that the case is not frivolous before furnishing a free transcript to indigent petitioners assert-

ing a claim under 28 U.S.C. § 2255 (1970); that requirement (28 U.S.C. § 753(f) (Supp.1982)) has been held not to constitute a suspension of the writ of habeas corpus nor violate the right to equal protection under the Due Process Clause of the Fifth Amendment. *MacCollom,* 426 U.S. at 328, 96 S.Ct. at 2092. Similarly, habeas corpus petitioners who wish to have counsel appointed and proceed *in forma pauperis* must first overcome a "nonfrivolous" barrier under 28 U.S.C. § 1915(d) (1966).

**5.** Additionally, the petitioner's third cluster of allegations, the alleged error by the sentencing justice in concluding that the trial evidence reflected a premeditated killing, appears to lack merit in light of this Court's opinion in petitioner's direct appeal. *State v. McEachern,* 431 A.2d 39, 40–42 (Me.1981).

**6.** Counsel has failed to establish any basis other than Chapter 305–A upon which the Superior Court could have reviewed these claims.

Section 2124 of 15 M.R.S.A. sets forth the jurisdictional prerequisites for a post-conviction proceeding. Such an action must involve a challenge to either a "criminal judgment causing a present restraint" or a "post-sentencing proceeding" which imposes incarceration or increases the term of incarceration. Petitioner does not argue, nor could he argue, that he is challenging the underlying criminal conviction.[7] Rather, he maintains that the jurisdictional prerequisite is met because post-conviction review constitutes a "post-sentencing proceeding" within the scope of section 2124.

Section 2121(2) of 15 M.R.S.A. defines the term "post-sentencing proceeding" as:

[A] court proceeding or administrative action occurring during the course of and pursuant to the operation of a sentence which affects whether there is incarceration or its length, including revocation of parole or entrustment of a juvenile, failure to grant parole or an error of law in the computation of a sentence. It does not include administrative disciplinary proceedings resulting in a loss of time deductions under Title 17–A, section 1253, subsection 5, revocation of probation or proceedings before the Appellate Division of the Supreme Judicial Court pursuant to chapter 306.

The State argues that a prior post-conviction proceeding is fundamentally unlike those proceedings specifically enumerated in the statutory definition. "Whether the expression of one thing is to operate as the exclusion of another, is ordinarily a question of intention, to be gathered from an examination of all parts of a statute by the aid of the usual rules of interpretation." *City of Portland v. New England Telephone and Telegraph Co.,* 103 Me. 240, 249, 68 A. 1040, 1043 (1907). Examination of Chapter 305–A, and, in particular, sections 2121(2) and 2124 convinces us that post-conviction review is not included within the definition of a post-sentencing proceeding. Although

post-conviction review may terminate incarceration or indirectly affect the length of the petitioner's sentence, unlike each of the proceedings enumerated in section 2121(2), it does not directly *cause* nor *add* to the length of incarceration. Similarly, the jurisdictional requirement of a "present restraint or other specified impediment" in section 2124 is limited to "incarceration or increased incarceration [when] imposed pursuant to a post-sentencing proceeding . . . ."

We find no error in the summary dismissal of the petition in this case.

The entry must be:

Judgment affirmed.

McKUSICK, C.J., and VIOLETTE, J., concurring.

ROBERTS, Justice, with whom GODFREY, Justice, concurs, dissenting.

I respectfully dissent. The Court errs, in my view, as a result of an inappropriate separation of the issues raised by the allegations in the petition. The Court says that, absent extenuating circumstances, all issues which could have been raised in a prior post-conviction proceeding are barred by 15 M.R.S.A. § 2128(3). The Court then, by a narrow reading of the post-conviction review statute, disposes of the very allegations which may supply the extenuating circumstances. As a result, the Court affirms the summary dismissal of the petition.

I do not question the legitimate purpose of section 2128(3) to prevent piecemeal attack upon criminal convictions. The concept of issue preclusion by waiver existed in our prior statute, 14 M.R.S.A. §§ 5502 and 5507, and has been applied by prior decisions of this Court. *Shorette v. State,* 402 A.2d 450 (Me.1979); *Mottram v. State,* 263 A.2d 715 (Me.1970). We have previously recognized, however, that only a post-conviction proceeding which comports with due process can be said to preclude subsequent

---

**7.** 15 M.R.S.A. § 2121 defines "criminal judgment" as "a judgment of conviction of a    crime."

post-conviction attack on the criminal judgment. *Brine v. State,* 232 A.2d 88 (Me. 1967). The allegation of flaws in a prior post-conviction proceeding may serve to avoid the bar of section 2128(3). In *Nadeau v. State,* 232 A.2d 82 (Me.1967) we decided that a change in the law was a sufficient basis to avoid waiver even though no such basis was specifically alleged.

I would vacate the summary dismissal in this case.