## Arthur A. HENDERSON
## v.
## STATE of Maine.

Supreme Judicial Court of Maine.

Argued Sept. 9, 1983.

Decided Nov. 15, 1983.

Marshall T. Cary (orally), Bangor, for plaintiff.

Charles K. Leadbetter, Wayne S. Moss (orally), Joseph A. Wannemacher, Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, and GLASSMAN, JJ.

ROBERTS, Justice.

Upon the post-conviction petition of Arthur A. Henderson, the Superior Court, Hancock County, vacated two convictions of assault with intent to kill, entered in 1973 upon Henderson's guilty pleas. In response to a motion by the State for clarification, the court also vacated the dismissals of two counts charging murder and manslaughter and ordered those counts returned to the active criminal docket. Henderson appeals the reinstatement order claiming that the dismissals were "with prejudice" and that reinstatement is barred by state and federal constitutional protection against double jeopardy. We do not reach the merits of Henderson's arguments because we conclude that the question of the dismissed charges was not properly before the post-

conviction court. We do, however, modify the judgment.

On September 5, 1973, Henderson was indicted for murder, 17 M.R.S.A. § 2651, manslaughter with a firearm, 17 M.R.S.A. § 2551–A and assault with intent to kill, 17 M.R.S.A. § 2656. These charges were contained in docket number 1853. Henderson was also charged with two counts of assault with intent to kill in separate indictments numbered 1839 and 1841.

At a Rule 11 hearing on September 10, Henderson pled guilty to the three charges of assault with intent to kill. The presiding justice entered a judgment of conviction on two of the assault charges, docket number 1841 and Count III of docket number 1853. The third assault charge, docket number 1839 was "filed." The murder and manslaughter charges, Counts I and II of docket number 1853, were dismissed. Henderson was sentenced to consecutive sentences of 12½ to 25 years and 8½ to 17 years.

On April 9, 1981 Henderson filed a petition for post-conviction review. The petition was heard on December 14 and 15, 1981 and on February 26, 1982. In an opinion dated July 29, 1982, the post-conviction justice found that Henderson had been denied the effective assistance of counsel and that the nature of his counsel's failure rendered his plea involuntary. The justice vacated Henderson's convictions and corresponding sentences. He instructed the Superior Court to allow Henderson to withdraw his pleas and replead to the charges.

The State moved for clarification on October 28, 1982. Because the murder and manslaughter dismissals were part of the original, invalid plea agreement, the State asked that the court vacate the dismissals of those charges. The post-conviction justice modified his order to provide that all the original charges be returned to the active criminal docket except number 1839. He found that any action in the post-conviction case with respect to the filed charge "is neither necessary nor appropriate."

On Henderson's appeal we must determine whether the post-conviction court could properly grant the affirmative relief requested by the State in its motion for clarification. Section 2124 of 15 M.R.S.A. describes a post-conviction proceeding as involving a challenge to a criminal judgment causing a present restraint or indirect impediment of a post-sentencing proceeding which imposes incarceration or increases the term of incarceration. *See McEachern v. State,* 456 A.2d 886 (Me.1983). Under M.R. Crim.P. 67(b) a post-conviction petition "shall be limited to the assertion of a claim for review of one or more criminal judgments arising from ... a single proceeding...." In addition, the court has discretion to order "consideration together of criminal judgments ... which are challenged in separate petitions." Neither the statutes nor the rules provide for any claim for relief to be filed by the respondent. *See* M.R.Crim.P. 71.

Post-conviction proceedings under 15 M.R.S.A. §§ 2121 *et seq.* (ch. 305–A) are designed to replace a variety of common law and statutory methods of review. Section 2122, however, expressly provides that "[t]he substantive extent of the remedy of post-conviction review shall be as defined in [ch. 305–A] and not as defined in the remedies which it replaces." Nowhere in Chapter 305–A has the legislature provided for any request for affirmative relief on behalf of the respondent. We hold, therefore, that the request for relief sought by the State in this instance should have been addressed to the Superior Court in the context of the specific criminal indictments.

We modify the post-conviction judgment to eliminate the order which vacates the dismissals in docket number 1853 without prejudice to any further action by the State in that case. We intimate no opinion on the issues raised by the petitioner.

The entry is:

Judgment modified by striking therefrom any reference to Counts I and II of the indictment in docket number 1853, and as modified affirmed.

All concurring.