**William WHITTEN, Petitioner,**

v.

**Donald ALLEN, Commissioner, Department of Corrections, Respondent.**

Civ. No. 89–0065–B.

United States District Court, D. Maine.

Dec. 15, 1989.

William Whitten, Bucks Harbor, Me., pro se.

Charles Leadbetter, Asst. Atty. Gen., Augusta, Me., for respondent.

GENE CARTER, Chief Judge.

AFFIRMING IN PART AND MODIFYING IN PART THE RECOMMENDED DECISION OF THE MAGISTRATE

The Honorable Edward H. Keith, United States Magistrate, filed with this Court on October 6, 1989 his Recommended Decision dismissing without prejudice Petitioner's

petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.[1] The Magistrate found that Petitioner, by failing to appeal an adverse judgment in his post-conviction review proceeding, failed to exhaust his state court remedies and, therefore, held that Petitioner must pursue certain claims in state court. Respondent argues that the Maine courts cannot hear Petitioner's new claim. The Court affirms the Magistrate's holding that Petitioner failed to exhaust his state court remedies and finds that, pursuant to 28 U.S.C. § 2254(b), Petitioner is barred by procedural default from having the Court issue a writ of *habeas corpus.*[2]

Petitioner was convicted, on February 13, 1985, of statutory rape, 17–A M.R.S.A. § 252(1)(A); statutory gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B); and sexual abuse of a minor, 17–A M.R.S.A. § 254(1). He was sentenced to serve eighteen (18) years, with all but fifteen (15) years thereof suspended. Petitioner appealed both the three criminal judgments and the sentence he was given. The Maine Law Court affirmed Petitioner's convictions. *State v. Whitten,* 499 A.2d 161 (Me. 1985).[3] The Maine state Appellate Division denied Petitioner's sentence appeal. *State v. Whitten,* AD–86–12 (Me.App.Div. Jan. 15, 1986).

On June 3, 1986, Petitioner initiated a post-conviction review, alleging (1) denial of effective counsel as guaranteed by the Sixth Amendment to the Constitution of the United States; (2) imposition of a sentence in violation of his due process rights protected by the Fourteenth Amendment; and (3) denial of his right to a speedy trial guaranteed by the Sixth Amendment. On March 10, 1988, Justice William S. Broderick filed his decision rejecting all of Petitioner's contentions on the merits. Petitioner did not seek a direct appeal of that decision as permitted by 15 M.R.S.A. § 2131(1).

On March 23, 1989, Petitioner initiated his petition for a writ of *habeas corpus,* asserting basically the same objections he stated in his post-conviction review.[4] Petitioner states that the reason for his failure to appeal the post-conviction review was that he was not aware of his right to do so. While not claiming that his counsel was constitutionally ineffective, Petitioner merely states that his counsel neglected to inform him of the possibility of appeal.

The Magistrate correctly noted that Petitioner's failure to appeal the post-conviction review was a failure to exhaust state remedies pursuant to 28 U.S.C. § 2254. The Magistrate did not decide whether Petitioner's post-conviction counsel's alleged failure to inform Petitioner of his appeal rights established a "cause" for not appealing that decision, thereby excusing Petitioner from procedural default. Instead, the Magistrate, citing *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), held that Petitioner must pursue in the state courts the issue of his counsel's alleged failure to inform him of his appeal rights before he may attempt to utilize that issue to establish cause for the procedural default in federal court.

Respondent objects to the Magistrate's decision on two grounds. First, Respondent argues that, pursuant to state law, Petitioner is not permitted to initiate a sec-

---

1. The Magistrates Recommended Decision included his Order Denying Motion for Appointment of Counsel and Proposed Findings of Fact. Petitioner makes no objection concerning the fact finding, but renews his request for the assistance of an attorney. The Court, making a *de novo* review, affirms the Magistrate's decision denying Petitioner counsel.

2. The pertinent provision reads as follows:
   (b) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
   28 U.S.C. § 2254(b)

3. Petitioner's grounds for appeal concerned his claims that the State of Maine did not comply with rules of discovery and that as a result he could not provide an adequate defense.

4. In his petition, Petitioner dropped one ground set out in his post-conviction review—that the punishment he received was illegal because his codefendant received a lighter sentence.

**30**

ond post-conviction review in order to attack his counsel's action in his first post-conviction review. Second, Respondent questions whether the cause and prejudice test set out in *Murray* is applicable to this suit.

### DISCUSSION

█ Federal *habeas corpus* is not an ordinary error-correcting writ, but rather constitutes an extraordinary remedy. *Nadworny v. Fair*, 872 F.2d 1093, 1096 (1st Cir.1989). The use of federal *habeas* power must be exercised with respect to a state sovereign's right and ability to adjudicate federal rights. *Id.* Thus, this notion of comity underlies the requirement that a petitioner exhaust his remedies in state court, to the highest state court, before petitioning for a writ of *habeas corpus*. *See Id.*

█ In particular, a federal *habeas corpus* petitioner who fails to exhaust state remedies through procedural default is barred from a review of his constitutional claim unless the petitioner can show cause for the procedural default and prejudice attributable to cause for default.[5] *Wainwright v. Sykes*, 433 U.S. 72, 85–87, 97 S.Ct. 2497, 2505–06, 53 L.Ed.2d 594 (1977). "The mere fact that counsel failed to recognize the factual basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486–87, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986).

█ Petitioner's failure to appeal the post-conviction review constitutes a failure to exhaust state remedies. Petitioner did not raise his post-conviction, constitutional arguments in his prior appeals to the Maine Supreme Judicial Court and did not appeal the post-conviction review. Maine's highest court has thus not had the opportunity to consider such claims. Therefore, unless Petitioner falls within one of the recognized exceptions to the exhaustion doctrine, he is barred from ascertaining his petition in federal court.

Petitioner's assertion, that he failed to appeal the post-conviction decision because his attorney neglected to inform him of his rights, is not encompassed by the "cause" exception to the exhaustion doctrine.[6] Because Petitioner's claim cannot be characterized as a constitutional claim of ineffective assistance of counsel, the Court must look at whether counsel's alleged inaction constitutes "cause" sufficient to except Petitioner from being barred by procedural default from bringing his petition to federal court.

The Supreme Court in *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) defined the term "cause," as it related to counsel's actions, where petitioner had a right to counsel. Although Petitioner did not have a federal constitutional right to counsel in his post-conviction review, thus limiting the precedential value of *Murray*, the language the Supreme Court used in *Murray* helps to define the term in this case.

In *Murray*, the Supreme Court noted that "[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, *supra* [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)], we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645. Since Petitioner does not claim that his counsel was constitutionally inef-

---

**5.** There are two formal exceptions to the requirement of exhaustion which do not apply in this case and which read as follows:

   ... an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

   28 U.S.C. § 2254.

**6.** Petitioner did not claim that his counsel in that proceeding was constitutionally ineffective

under the Sixth Amendment to the United States Constitution. He would not have been able to so since there is no federal constitutional right to counsel when mounting a discretionary attack of a conviction long after it became final after exhaustion of the proper appellate process. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987).

fective, and his counsel could not legally have been, "constitutionally ineffective," it follows that Petitioner must bear the risk of attorney error resulting in his procedural default. The failure to recognize a claim, or to raise it even though it has been recognized, does not constitute cause for a procedural default. *Id.* at 486, 106 S.Ct. at 2644. Thus, even if Petitioner's procedural default was the result of attorney error,[7] and even if Petitioner had a constitutional right to counsel in his post-conviction review, Petitioner would still be barred from petitioning the federal court for relief because of a procedural default which caused his failure to exhaust state remedies.

The Magistrate concluded that Petitioner, due to his failure to exhaust state remedies, must continue the state process and bring a second post-conviction action in which he may attack his attorney's failure to inform him of his right to appeal.[8] Petitioner's procedural default, however, serves to bar him from bringing such a claim in state court.[9] *McEachern v. Maine*, 456 A.2d 886, 890 (Me.1983). Thus, there is no need to reserve Petitioner's right to refile a petition pending a state court proceeding on this matter.

Accordingly, it is hereby *ORDERED* that Petitioner's petition for a writ of *habeas corpus* be, and it is hereby *DENIED.*

---

**7.** Respondent contends that Petitioner's attorney for the post-conviction review would testify that Petitioner was aware of his right to appeal.

**8.** The Magistrate relies on the authority of *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) for the proposition that a claim of ineffective assistance of counsel should be brought before state courts prior to it being raised in a petition for a writ of *habeas corpus.* In this case, Petitioner does not claim ineffective assistance of counsel, nor could he.

**9.** In *McEachern,* petitioner brought a second post-conviction review to attack his first review on the grounds that, *inter alia,* he was denied effective assistance of counsel at his first post-conviction hearing. *McEachern,* 456 A.2d at 888–89. The Supreme Judicial Court held that the Superior Court did not have the authority to review a prior post-conviction proceeding. *Id.* at 889.