**STATE of Maine**

v.

**Kim CHARBONNEAU.**

Supreme Judicial Court of Maine.

June 9, 1977.

Charles K. Leadbetter, Asst. Atty. Gen., Augusta, Frank F. Harding, Dist. Atty., Rockland, for plaintiff.

Robert J. Levine, Rockland, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

PER CURIAM.

After a jury-waived trial appellant was found guilty of the crime of attempted escape from Maine State Prison. He moved for a judgment of acquittal. The court denied the motion and entered judgment on the verdict. It is from this judgment that the appeal was seasonably filed.

We deny the appeal.

The facts surrounding the attempted escape are not complex. Appellant had been convicted of armed robbery (former 17 M.R. S.A. § 3401–A). At the time of the incident which occasioned this appeal, he was in the lawful custody of the warden of the Maine State Prison in execution of sentence imposed upon the armed robbery conviction.

A "dummy" [reasonable facsimile of a human form] was found in appellant's cell. Appellant was discovered in a locker in the plate shop of the prison. No authorization had been given to him to be absent from his cell for the afternoon "cell check." Also in the vicinity of the locker in which appellant was discovered was a coil of rope and a brown paper bag containing a rope ladder and a yellow shirt. After having been discovered, appellant stated, "We could've made it."

Appellant raises a single issue on appeal. Challenging the sufficiency of the evidence, he contends that the state has failed to prove beyond a reasonable doubt that an overt act had occurred. In his brief he characterizes his actions as merely preparatory in nature and indicative of only an intention to attempt an escape.

We do not agree.

■ An "attempt" represents a positive action which exceeds preparation and is directed towards the execution of the crime.

" 'In criminal terminology it [an attempt] conveys the necessary concept of action beyond mere preparation moving directly towards the commission of the substantive offense.' "

*State v. Seeley,* Me., 350 A.2d 569, 570 (1976), quoting *Logan v. State,* Me., 263 A.2d 266, 271 (1970).

■ In the instant case there was undisputed evidence that a dummy was found in appellant's cell; that appellant was in an unauthorized area attempting to conceal his presence; and that a rope ladder was found in a paper bag close to where he was concealed. The presiding justice was clearly justified in concluding that the appellant had gone far beyond the preparation stage.

He was actively engaged in conduct which was "moving directly towards the commission of the substantive offense."

The entry must be:

Appeal denied.

All Justices concurring.