**Donald RING**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued Nov. 1, 1982.

Decided Nov. 5, 1982.

Steven C. Fletcher (orally), Rockland, for plaintiff.

Wayne S. Moss (orally), Charles K. Leadbetter, Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

McKUSICK, Chief Justice.

In his action for post-conviction relief, petitioner Ring sought a declaration that

time on a 1979 Florida sentence being served by him at Maine State Prison by administrative transfer pursuant to the Interstate Corrections Compact[1] should be counted against the time he had left to serve on a six-month Maine sentence imposed on him on October 6, 1976.[2] If any questions existed at the time of its filing as to the propriety of his post-conviction petition to raise that issue, they have been mooted by the facts, stipulated by the parties, that Ring was paroled from his Florida sentence on July 27, 1982, and that he continues to be held at Maine State Prison to serve his 1976 Maine sentence. We conclude that the Superior Court (Knox County) erred in denying petitioner's request for relief.

The Superior Court correctly ruled that neither the 1976 judgment imposing sentence upon him in Maine nor section 1256 of the Maine Criminal Code[3] is of any help to him in his claim that he should be permitted to serve the 1976 Maine sentence concurrently with his 1979 Florida sentence. The Maine judge who sentenced Ring in 1976 did not order the six-month sentence to run concurrently with any sentence that later might be imposed upon Ring; the statutory preference for concurrent sentences stated in section 1256 would apply only to sentences imposed prior to or at the same time as the 1976 sentence. Nor could section 1256 address its mandate to the courts of Florida or any other state than Maine. Furthermore, petitioner has failed to prove that the Florida sentencing court, even if it knew about the outstanding Maine sentence, exercised its authority to alter the direction of the applicable Florida statute[4]

that "[s]entences of imprisonment for offenses not charged in the same indictment . . . shall be served consecutively . . . ."

The Superior Court, however, failed in our judgment to give proper weight to the fact situation present here, that Ring commenced serving his six-month Maine sentence at Maine State Prison on February 16, 1978, and that at all relevant times after March 29, 1978, when he was released on his personal recognizance pending appeal, that sentence was held in suspense subject to the bail condition that he return himself to the custody of the Maine Department of Mental Health and Corrections if his appeal was denied. On November 21, 1980, after the denial of his appeal, when Ring reappeared at Maine State Prison, even though he was there also by administrative transfer from Florida, he was complying (admittedly belatedly)[5] with the condition of his personal recognizance bond. By whatever means Ring got back to Maine State Prison, he claims that he immediately took up again continued service of his previously suspended six-month Maine sentence. At the relevant times 17–A M.R.S.A. § 1253(1) (1978) provided that "[t]he sentence of any person committed to the custody of the Department of Mental Health and Corrections shall commence to run on the date on which such person is received into the custody of the department *pursuant to that sentence.*" (Emphasis added) So far as Ring's six-month Maine sentence is concerned, that initiating event occurred on February 16, 1978. When he returned to the custody of the department in 1980, the question became *not* whether he was then starting his six-month sentence,[6] but rather whether the

1. 34 M.R.S.A. §§ 1351–64 (1978 & Supp. 1982–83).

2. See *State v. Ring,* Me., 387 A.2d 241 (1978), for our opinion on direct appeal affirming Ring's conviction for attempted escape, for which the six-month sentence was imposed. The Florida crime of unarmed robbery for which Ring was convicted and sentenced in 1979 was committed while he was free on bail pending appeal of his Maine conviction.

3. 17–A M.R.S.A. § 1256 (1982), formerly § 1155 (1976). *See also* 17–A M.R.S.A. § 1253(1–A) (1982).

4. Fla.Stat.Ann. § 921.16(1) (Supp.1982).

5. We, of course, do not suggest that Ring was not in breach of the condition of his bond.

6. 15 M.R.S.A. § 1701 (1980) measures the time that Ring had remaining to serve on his six-month Maine sentence, and does not detract from the practical fact that he had earlier been "received into the custody of the department pursuant to that sentence." He was received back into the custody of the department because his appeal had been denied and he was obligated to return to that custody.

suspension of his sentence by force of his bail being terminated by the prior denial of his appeal had been lifted. We agree with the interpretation that Ring insists on putting upon the events; namely, that by coming back to Maine State Prison he was merely doing at last what he committed himself to do by his personal recognizance bond, resuming the service of his sentence. We do *not* decide what Ring's situation would be if he had not commenced his six-month Maine sentence before being bailed on appeal.

The entry is:

Judgment reversed.

Remanded to the Superior Court for entry of the following judgment: "Petition for post-conviction relief is granted; petitioner, having served in full the six-month sentence imposed on October 6, 1976, in Knox County Docket No. Cr–76–144, is discharged therefrom."

All concurring.