**STATE of Maine**

v.

**Maurice SMITH.**

Supreme Judicial Court of Maine.

Argued Jan. 13, 1984.

Decided Jan. 25, 1984.

Janet T. Mills, Dist. Atty., Kevin Regan, Asst. Dist. Atty. (orally), South Paris, for plaintiff.

Gaston M. Dumais (orally), Lewiston, for defendant.

Before McKUSICK, C.J., NICHOLS, VIOLETTE, WATHEN and GLASSMAN, JJ., and DUFRESNE, A.R.J.

McKUSICK, Chief Justice.

Defendant Maurice Smith appeals his conviction after a jury trial in Superior Court (Oxford County) for attempted theft, Class E, 17–A M.R.S.A. §§ 152, 353 (1983). We affirm.

■ Smith first contends that the record contained insufficient evidence from which the jury could rationally conclude beyond a reasonable doubt that Smith's co-defendant performed "a substantial step toward" the commission of theft of gasoline from the Hancock Lumber Company. 17–A M.R.S.A. § 152. We find that the testimony showing that Smith's co-defendant entered the lumber company yard with equipment designed to siphon gas, coupled with the testimony showing that police later discovered a spill underneath the filler cap of one of the lumber company trucks, was sufficient to support the conclusion that a substantial step toward commission of the crime took place. *Cf. State v. Ring,* 387 A.2d 241 (Me. 1978) (evidence showing that defendants were found in hiding with escape tools sufficient to establish that defendants had taken actions directed toward commission of the crime of escape).

■ Smith also contends that the presiding justice erred in failing to appoint separate counsel for him and his co-defendant. This contention is meritless. A defendant's criminal conviction should be overturned on appeal if

(1) his lawyer represented one or more co-defendants in addition to the appellant; (2) before the appellant was found guilty, the issue of the lawyer's conflict of interest was brought to the trial judge's attention or was so obvious that the judge should have noticed it on his own; and (3) the trial judge failed to make any inquiry into the extent or degree of the conflict.

*State v. Pokorny,* 458 A.2d 1212, 1218 (Me. 1983) (footnote omitted); *State v. Weese,* 424 A.2d 705, 710–11 (Me.1981). Here de-

fense counsel was privately retained jointly by the co-defendants until the close of the State's case, at which time, at their joint request, he was appointed to represent them at public expense. Before making the appointment, the presiding justice informed both defendants of their right to be represented by separate counsel and asked them whether they desired individual representation. Both defendants stated that they wanted continued representation by the same attorney, and their attorney informed the court that there were no "conflicts of interest" between the two defendants. No actual conflict of interest is apparent from the record of the proceedings below and none has been argued before this court on appeal. This case is plainly distinguishable from *State v. Weese*, where, despite the obvious presence of special circumstances suggesting a conflict of interest between co-defendants, the trial court failed to make any inquiry as to whether both defendants could be effectively represented by the same attorney.

The entry is:

Judgment affirmed.

All concurring.