**Steven R. CLARK,**

v.

**COMMISSIONER OF CORRECTIONS.**

Supreme Judicial Court of Maine.

Argued April 28, 1986.

Decided July 7, 1986.

Collins, Crandall, Hanscom and Pease, P.A., Edward M. Collins, (orally), Rockland, for plaintiff.

James E. Tierney, Atty. Gen., David J. Perkins, (orally), Polly Haight Frawley, Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, and SCOLNIK, JJ.

McKUSICK, Chief Justice.

Steven Clark, an inmate at the Maine State Prison, appeals the judgment of the Superior Court (Knox County) denying his appeal from the Department of Corrections' action in transferring him from a minimum security program in Bangor back to the State Prison at Thomaston because of a disciplinary violation. On appeal to this court, Clark urges that the Department of Corrections deprived him of due process because he did not receive a hearing before that interim transfer back to Thomaston pending his disciplinary hearing. The only relief Clark seeks on the present appeal is reinstatement of two additional days of good time credit that he could have earned if he had remained at Bangor during the month he waited for his disciplinary hearing. Because we hold that Clark did not have any right to a pre-transfer hearing, we affirm the judgment of the Superior Court.

Clark was sentenced to the Maine State Prison in 1975. In April 1984, he was assigned to the Bangor Pre-Release Center, a minimum security institution, to participate in an education/work release program. On January 25, 1985, the District Court (Lincoln) notified the sergeant on duty at the Bangor Center that Clark had been cited on January 4, 1985, by a State Police officer for operating a vehicle without a valid driver's license on Interstate 95 north of Lincoln. At the time of the offense, Clark was signed out to work at a job in Hampden and was prohibited from leaving his place of employment without the permission of the authorities at the Center. Based on that information, the sergeant prepared a behavior report citing Clark for violation of the Center's release rules. After confronting Clark with those allegations, the sergeant transferred him that day to the Penobscot County jail on a security hold. The next day Clark was transferred back to the State Prison at Thomaston pending a hearing on his alleged misconduct. On February 21, after hearing, the Prison Disciplinary Committee found Clark guilty as charged, and issued a verbal reprimand. On February 26, the Prison Classification Committee interviewed Clark and determined that he should be considered for return to minimum security placement after six months of good behavior at Thomaston. Clark appealed both of those decisions to the Warden who denied his appeals. Clark subsequently sought Superior Court review of those denials, pursuant to the Administrative Procedure Act, 5 M.R.S.A. §§ 11001–11008 (1979 & Supp.1985), and M.R.Civ.P. 80C.[1] The Superior Court affirmed the administrative action.

On appeal to this court, Clark does not claim that the disciplinary hearing at Maine State Prison failed to conform with legal requirements. Instead, his sole argument is that his right not to be deprived of

---

1. For the sake of judicial economy, we consider and decide this case on the same basis that it has been presented by both the inmate and the Department of Corrections. However, we must not be understood to make any ruling on the question, not raised by the Department, whether post-conviction review pursuant to 15 M.R.S.A. §§ 2121–2132 (Supp.1985) is the only remedy available to Clark, to the exclusion of direct review of final agency action under the Administrative Procedure Act.

liberty without due process was violated when he was denied the right to stay at the Bangor Pre-Release Center pending his disciplinary hearing. As a result, he lost two additional days of good time credit that he could have earned pursuant to 17–A M.R. S.A. § 1253(5) (Supp.1985).[2] We find no basis in federal or state law to support that contention. Nothing in federal law creates a substantive right for a state prisoner either to earn good time credits, *Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974), or to participate in a minimum security program. *Durkin v. Taylor,* 444 F.Supp. 879, 883 (E.D.Va.1977); *Brooks v. Dunn,* 376 F.Supp. 976, 978 (W.D.Va.1974). *Cf. Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976) (due process clause does not protect a state prisoner from transfer to a more restrictive institution). Clark, therefore, must look to state law as the source of any right to a pre-transfer hearing.

Under Maine law the opportunity to earn additional good time credits as a result of placement in a minimum security program pursuant to 17–A M.R.S.A. § 1253(5) is expressly subject to the discretion of prison authorities. Selection for that preferred placement depends entirely on whether, in the judgment of prison officials, a committed offender is "worthy of trust." 34–A M.R.S.A. § 3035(1) (Pamph. 1985). An inmate has no guarantee of continued placement in an education/work release program. Pursuant to 34–A M.R. S.A. § 3061(1) (Pamph.1985), the Department of Corrections may at any time transfer an inmate between institutions and from any program "including prerelease centers, work release centers, halfway houses or specialized treatment facilities." Before admission to a minimum security program, an inmate must be given a copy of the rules "applicable to the program in which he is permitted to participate." 34–A M.R.S.A. § 3035(3). In the case at bar, Clark was provided a copy of the rules governing his placement at the Bangor Pre-Release Center. He also signed a work release plan in which he committed himself to abide by those rules. In addition to misconduct as a ground for his transfer out of the program, those rules specifically provided that Clark could be removed from the program "for any ... reason satisfactory to the ... Warden." Thus, the decision to transfer Clark immediately from the Bangor Pre-Release Center, thereby depriving him of the opportunity of earning additional good time credits, was entirely within the discretion of the Department of Corrections. Although the rules of the work release program give an inmate who "is considered to have breached the release agreement" a hearing before his final removal from the program, nothing in those rules even remotely suggests that the Department of Corrections is forbidden from moving him back to Thomaston pending that final disciplinary hearing.

The actions of the prison officials also conformed to the requirements of the federal consent decree that governed disciplinary matters in the Maine State Prison at the time of Clark's transfer. *See Inmates v. Oliver,* No. 11–187–SD (D.Me. Sept. 27, 1977) (dissolved by order May 8, 1985). That decree authorized the immediate transfer of an inmate for security reasons pending investigation and hearing. Regulations promulgated pursuant to the decree

**2.** 17–A M.R.S.A. § 1253(5) (Supp.1985) provides: In addition to the provisions contained in subsection 4, up to 2 days per month may also be deducted in the case of those inmates assigned and participating in minimum security community programs administered by the Department of Corrections outside the Maine State Prison or the Maine Correctional Center. These deductions may also apply in the case of those inmates assigned to or participating in minimum security community programs through agencies providing services to the Department of Corrections. These deductions may be authorized for work and responsibilities to include public restitution which are deemed to be of sufficient importance to warrant those deductions by the institution head in accordance with the Department of Corrections policy and guidelines.

provided that a "charging officer or employee may take physical custody of any inmate whose alleged violation or conduct, immediately thereafter, in the judgment of the charging officer or employee, constitutes a clear and present danger to the security of the prison." Once an inmate has been charged with a violation, the regulations provided that a "superior officer of the rank of sergeant or above shall determine the appropriate place of holding, *pending investigation and hearing.*" (Emphasis added)

In promptly transferring Clark out of the minimum security program at Bangor, without any preliminary hearing, the prison officials acted well within the bounds of the authority vested in them by the applicable statutes and rules. When Clark went into the education/work release program at Bangor, he acknowledged and accepted as a condition of that privilege his required compliance with the rules of the Pre-Release Center. He remained at all times subject to the broad powers of the prison officials to transfer any inmate from one institution to another. Clark has nothing to complain about on this appeal.

The entry is:

Judgment affirmed.

All concurring.