**Carroll NORRIS et al.,**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued March 15, 1988.
Decided May 25, 1988.

---

Gerard O. Fournier (orally), Isaacson & Raymond, Mark Randlett (orally), Peters & Randlett, Lewiston, John O'Donnell, Waterville, Barbara Raimondi, Trafton & Matzen, Auburn, for plaintiffs.

James E. Tierney, Atty. Gen., Charles K. Leadbetter, Wayne S. Moss (orally), Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

Fifteen Petitioners for post-conviction review present a consolidated appeal from two orders [1] of the Superior Court (Androscoggin and Somerset Counties) denying good-time credits for periods of pretrial detention. The Petitioners argue that the denial violates the provisions of 17–A M.R.S.A. § 1253 (Pamph.1975, 1983 & Supp. 1987) for the computation of sentences as well as the equal protection clauses of the Constitutions of Maine and of the United States.

Each Petitioner seeks a reduction of his sentence in the amount of his "good-time" served in pretrial detention; the latter, as distinguished from imprisonment due to sentence, is detention that occurs from the pretrial stage through the time that a defendant is committed for imprisonment. 17–A M.R.S.A. § 1253(2) (Supp.1987). In all of its amended forms, section 1253 allows the deduction of pretrial detention time from a sentence of imprisonment and awards good-time credits for time under sentence. The statute does not explicitly grant good-time credits for pretrial detention, while release time is calculated in such a manner that a prisoner with pretrial detention time serves a longer period of incarceration than a person sentenced to the same term with no pretrial detention time. The Petitioners argue that the Legislature never intended this disparity and that such disparity denies equal protection by discriminating against indigent detainees who cannot afford bail.

We affirm the judgments of the Superior Court.

To consider the statutory construction of section 1253 we must begin with the language of the statute itself. *State v. Hussey*, 381 A.2d 665, 666–67 (Me.1978). Unless the statute discloses a contrary intent, words in a statute must be given their plain, common and ordinary meaning. *State v. Snow*, 383 A.2d 1385, 1388 (Me. 1978).

The pertinent provisions of the 1976 version of section 1253, applicable here, provided:

2. When a person sentenced to imprisonment has ... previously been detained to await trial, in any state or county institution, or local lock-up, for the conduct for which such sentence is imposed such period of ... detention shall be deducted from the time he is required to be imprisoned under such sentence....

3. Each person sentenced to imprisonment for more than 6 months whose record of conduct shows that he has observed all the rules and requirements of

1. *Maxwell Dragon v. State* involves one petitioner and *Carroll Norris et al. v. State* involves sixteen petitioners, all but two of whom are parties to this appeal.

the institution in which he has been imprisoned shall be entitled to a deduction of 10 days a month from his sentence, commencing, in the case of all convicted persons, on the first day of his delivery into the custody of the department.

17–A M.R.S.A. § 1253 (Pamph.1975). Subsection 2 clearly distinguishes imprisonment by sentence from pretrial detention in directing the deduction of detention time from sentence time. Subsection 3 requires that good-time credit calculation begin upon "delivery into the *custody of* the [*Corrections*] [D]epartment" and apply only to conduct exhibited in "the institution in which he has been *imprisoned.*" (emphasis added).[2] This language clearly manifests a legislative intent not to grant a good-time deduction for pretrial detention.

The pertinent portions of the 1982 version of section 1253 provided:

2. When a person sentenced to imprisonment has previously been detained to await trial, in any state or county institution, or local lock-up, for the conduct for which such sentence is imposed, such period of detention shall be deducted from the time he is required to be imprisoned under such sentence....

3. Each person sentenced, before January 1, 1978, to imprisonment for more than 6 months whose record of conduct shows that he has observed all the rules and requirements of the institution in which he has been imprisoned shall be entitled to a deduction of 10 days a month from his sentence, commencing, in the case of all such convicted persons, on the first day of his delivery into the custody of the department.

3–A. Each person sentenced, on or after January 1, 1978, to imprisonment for more than 6 months shall earn a reduction of 10 days from his sentence for each month during which he has faithful-

ly observed all the rules and requirements of the institution in which he has been imprisoned....

*Id.* (1983). Because the language of subsections 2 and 3 here is nearly identical to that of the 1976 version, we again construe those sections to exclude good-time credits from pretrial detention. Nevertheless, with reference to subsection 3–A the Petitioners argue that the Legislature's failure to specify that the calculation of good-time credits begins with the prisoner's delivery into the custody of the Corrections Department manifests an intent to include such credits for sentences imposed after January 1, 1978. The legislative history of subsection 3–A, however, clearly indicates that the Legislature's intent was to provide good-time credits for sentences served in detention facilities, as distinguished from detention time served in those facilities. *See* L.D. 1892, Recommendations of the Criminal Law Advisory Commission, p. 51 (108th Legis.1977).

The version of section 1253 effective September 23, 1983, provides in pertinent part:

3. Beginning October 1, 1983, each person sentenced to imprisonment for more than 6 months shall be entitled to receive a deduction of 10 days per month calculated from the first day of his delivery into the custody of the department, to include the full length of the unsuspended portion of his sentence, for observing all the rules of the department and institution....

17–A M.R.S.A. § 1253 (Supp.1987). This version grants an up-front deduction but still only refers to a person's sentence, not to his period of time confined; it only creates an entitlement for observing the rules of the institution to which he is sentenced, not for observing the rules of some facility where he is detained. The current version

---

**2.** *Accord Ring v. State,* 451 A.2d 1207, 1208 (Me.1982) (providing similar construction of 17–A M.R.S.A. § 1253(1) (Pamph.1978)); *Reed v. State* 295 A.2d 657, 664 (Me.1972) (stating that good-time credits referred to in 34 M.R.S.A. § 705 (1978), *repealed by* P.L.1983, ch. 459, § 5 (effective Jan. 15, 1984), apply only to periods of imprisonment at the State Prison). Contrast *People v. Chavez,* 659 P.2d 1381, 1382, fn. 2

(Colo.1983) (amended statute providing good-time credits to an individual who "observed all of the rules and regulations of *the institution or facility in which he has been confined*" and not specifically of the state penitentiary in which he has been *imprisoned* does contemplate good-time credits for pretrial detention). (emphasis added).

of section 1253, effective September 19, 1985, specifically provides that good-time deductions apply only to the portion of the sentence remaining to be served upon commitment:

2. The total term required under the sentence of imprisonment shall be reduced by the total deduction of this subsection prior to applying any of the other deductions specified in this section or in Title 30, section 1806.

*Id.* The legislative statement of fact relative to this 1985 amendment indicates that this was intended for the earlier versions of section 1253 as well:

There exists at the present time seriously disparate interpretations as to the awarding of detention time under section 1253, subsection 2....

[T]his bill *modifies* the repealed subsection *so as to make clear:*

(1) That no deduction is authorized when the detained person is, at the same time, in execution of any other sentence of confinement ... [and]

(4) That the deduction specified by subsection 2 must be applied to the sentence prior to applying the deductions authorized ... by section 1253 for "good-time"....

L.D. 969, Statement of Fact (112th Legis. 1985) (emphasis added). This statement, by showing the Legislature's intent to clarify and not alter pre-existing law, buttresses our conclusion that in all its forms, section 1253 has excluded good-time credits from pre-trial detention.

■ Beyond the argument of statutory interpretation the Petitioners go on to assert that this exclusion violates the equal protection clauses of both the United States and State of Maine Constitutions because it discriminates against indigent defendants who are unable to afford bail. We note first that there is no state or federal constitutional right to good-time credits. *Chestnut v. State,* 524 A.2d 1216, 1220 (Me.1987); *Clark v. Commissioner of Corrections,* 512 A.2d 327, 329 (Me.1986); *Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). Although such credits affect a prisoner's liberty by reducing the length of his sentence, this liberty interest cannot rise to the level of a fundamental right because a prisoner has "as a consequence of his crime not only forfeited his liberty, but all of his personal rights except those which the law in its humanity accords to him." *Duncan v. Ulmer,* 159 Me. 266, 274, 191 A.2d 617, 622 (1963) (citation omitted). The Petitioners do not, therefore, suffer the violation of a fundamental right.

Neither do the Petitioners qualify as a suspect class. Contrary to the Petitioners' argument that they are such a class of indigents, the United States Supreme Court has repeatedly held that indigency, standing alone, is not a suspect classification. *Harris v. McRae,* 448 U.S. 297, 323, 100 S.Ct. 2671, 2691, 65 L.Ed.2d 784 (1980); *Maher v. Roe,* 432 U.S. 464, 471, 97 S.Ct. 2376, 2381, 53 L.Ed.2d 484 (1977). Furthermore, the distinction drawn by the statute is not necessarily property-based, since one's qualification for bail depends upon a variety of considerations beyond his financial status. Me. Const. art. I, § 10 (no bail for capital offenders where proof is evident or presumption great); M.R.Crim.P. 46(c) (bail deniable based on circumstances of offense charged, character of the defendant, and his likelihood of appearing for trial). *See also Fredette v. State,* 428 A.2d 395 (Me.1981) (discussing bailable offenses).

Discrimination that neither infringes upon a fundamental right nor befalls a suspect classification does not violate equal protection if the law has a rational basis, i.e., if the law rationally furthers some legitimate, articulated purpose. *McNicholas v. York Beach Village Corp.,* 394 A.2d 264, 268–69 (Me.1978). Even if the classification lacks mathematical precision, the law survives constitutional scrutiny if any conceivable set of facts prevents its characterization as arbitrary, invidious, or irrational. *Beaulieu v. City of Lewiston,* 440 A.2d 334, 338–39 (Me.1982); *Warren v. Municipal Officers of Gorham,* 431 A.2d 624, 628 (Me.1981). To overcome the presumption of constitutionality that cloaks legislative enactments, the party challeng-

ing the classification bears the burden of demonstrating by clear and irrefutable evidence its arbitrariness and irrationally discriminatory nature. *Warren v. Municipal Officers of Gorham,* 431 A.2d at 628.

The Petitioners do not sustain their burden. Granting good-time credits for imprisonment by sentence rationally furthers the State's legitimate interest in controlling prisoner discipline. *McGinnis v. Royster,* 410 U.S. 263, 275–76, 93 S.Ct. 1055, 1062–63, 35 L.Ed.2d 282 (1973) (upholding New York statute denying good-time credits to pretrial detainees under rational basis test). Such discipline, however, is unnecessary for pretrial detainees because the threat of a longer sentence based on noncompliant pretrial behavior is itself an effective deterrent.

Pretrial detainees and prisoners under sentence are not similarly situated. We therefore apply the longstanding rule that as long as those affected are reasonably different from those excluded, and there is a rational basis for treating one differently from the other, there is no equal protection violation. *Nadeau v. State,* 395 A.2d 107, 113 (Me.1978); *Plyler v. Doe,* 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982).

The entry is:

Judgments affirmed.

All concurring.