**Leland B. PHILBRICK**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued May 2, 1989.
Decided June 22, 1989.

James E. Tierney, Atty. Gen., Amy Homans (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Robert P. Brown (orally), North Berwick, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

The State of Maine appeals from a judgment of the Superior Court (York County, *McKinley, J.*) on the post-conviction petition of Leland B. Philbrick determining that he is entitled to "good-time" credit for time spent incarcerated after two successful appeals of his murder convictions. The State contends that the good-time provisions in 17–A M.R.S.A. § 1253(3) (Pamph. 1976) do not apply to prisoners who are awaiting retrial after a conviction is vacated. We agree.

In 1978, Philbrick was convicted of and sentenced for murder. He successfully challenged his conviction twice and, in the trial that followed each successful appeal, was reconvicted. *See, State v. Philbrick,* 402 A.2d 59 (Me.1979); *State v. Philbrick,* 436 A.2d 844 (Me.1981). His third challenge was not successful, *State v. Philbrick,* 481 A.2d 488 (Me.1984).

The parties agree that all of the time Philbrick was in custody prior to his final conviction has been deducted from his sentence. At Philbrick's third sentencing, the court considered the good-time lost while he was in custody after his prior convictions were vacated and before resentencing. The court reduced his sentence from 40 years to 38, expressly recognizing that Philbrick would receive no good-time credit because he was not under sentence during those time periods. The post-conviction court, nevertheless, ordered that Philbrick be given good-time credit for the periods of incarceration awaiting retrial. The court stated that denial of good-time would "disadvantage those persons who successfully exercise their right to appeal."[1]

The State argues correctly that the issue is governed by 17–A M.R.S.A. § 1253(3) (Pamph.1976), the statute in effect at the time of Philbrick's first trial and sentence.

---

1. In its decision and order, the post-conviction court was apparently unaware that the sentencing court had expressly considered the good-time issue in reducing the sentence to 38 years.

The transcript of the sentencing hearing apparently did not come to the attention of counsel or the post-conviction court.

*Bossie v. State*, 488 A.2d 477 (Me.1985). That statute provided for a deduction of ten days per month for "[e]ach person *sentenced* to imprisonment for more than 6 months whose record of conduct shows that he has observed all the rules and requirements of the institution in which he has been imprisoned ..." *Id.* (emphasis added) Although the actual time spent in pretrial or presentence detention is deducted from the ultimate sentence pursuant to 17–A M.R.S.A. § 1253(2) (Pamph.1976), no provision is made for good-time credit during those time periods.

While awaiting retrial after his conviction was vacated, Philbrick was not imprisoned in execution of a sentence. Good-time credit is awarded only to persons confined in execution of a sentence. As we noted in *Norris v. State*, 541 A.2d 926 (Me.1988), the purpose of good-time credit is to maintain prison discipline. That consideration is not relevant to the status of pretrial prisoners because "the threat of a longer sentence based on non-compliant behavior is itself an effective deterrent." *Id.* at 930. In *Norris* we rejected the argument that denying good-time credit to pretrial detainees was a violation of equal protection. Philbrick's argument that he is entitled to good-time credit while awaiting retrial on the ground of equal protection is similarly unpersuasive. Accordingly, we vacate the judgment of the post-conviction court.

We are satisfied that neither the prison nor the post-conviction court correctly computed the number of days Philbrick spent in execution of his several sentences and, consequently, the amount of good-time for which he should be credited. We remand, therefore, with instruction to recompute the number of days Philbrick was confined while under sentence prior to his third conviction. In this case each of these time periods commenced on the date Philbrick was received at the Maine State Prison, 17–A M.R.S.A. § 1253(1) (Supp.1988), and ended when the Law Court mandate vacating a conviction was entered in the Superior Court.

The entry is:

1. Saunders has a different lawyer on the appeal.

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.