**Robert CHESTNUT**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued Dec. 6, 1995.

Decided Jan. 19, 1996.

Mary N. Kellett (orally), Law Offices of Ellen S. Best, Blue Hill, for Defendant.

Andrew Ketterer, Attorney General, Joseph A. Wannemacher (orally), Assistant Attorney General, Augusta, for State.

Before WATHEN, C.J., and GLASSMAN, RUDMAN, DANA, and LIPEZ, JJ.

---

GLASSMAN, Justice.

Robert Chestnut appeals from the judgment entered in the Superior Court (Hancock County, *Mead, J.*) denying his petition pursuant to 15 M.R.S.A. §§ 2121–2132 (Supp. 1995) for post-conviction review of the sentences imposed on him in 1990 following the entry of judgments of conviction on his pleas of guilty to multiple charges of burglary, 17–A M.R.S.A. § 401 (1983 & Supp.1995), and theft, 17–A M.R.S.A. § 353 (1983), and a charge of escape, 17–A M.R.S.A. § 755 (1983 & Supp.1995). Chestnut contends the trial court erred as a matter of law by (1) not granting him credit against the sentences imposed on him in 1990 for time spent in Maine resulting from a transfer from New York pursuant to the Interstate Compact on Detainers (ICD), 34–A M.R.S.A. §§ 9601–9609 (1988),[1] and (2) not ordering Maine authorities to request his transfer to Maine from the New York prison system for completion of those sentences. We affirm the judgment.

The parties stipulated to the following facts: Following his pleas of guilty, on April 13, 1990, Chestnut was convicted of multiple offenses committed in various counties in this state. All sentences imposed for these convictions were to be concurrent with an eight-year sentence on his convictions of burglary and theft in Hancock County. Following his commitment to the Department of Corrections, on September 14, 1991, Chestnut escaped after having served 519 days of his sentences. Thereafter, Chestnut committed additional crimes in Maine and then fled to New York where he continued his criminal activity.

Following his pleas of guilty, on April 27, 1993, Chestnut was sentenced to 6 to 12 years in Sullivan County, New York, for burglary.[2]

On May 7, 1993, Chestnut was returned to Maine pursuant to the ICD to resolve the outstanding charges against him. Following his pleas of guilty to one count of escape and two counts of burglary, on July 1, 1993 and September 24, 1993, respectively, Chestnut was sentenced to two years for the escape and two years for the burglaries.[3] On September 29, 1993, Chestnut was returned to New York. Thereafter, pursuant to 15 M.R.S.A. §§ 2121–2132 (Supp.1995), Chestnut instituted the present petition for post-conviction review requesting credit against his 1990 Maine sentences for the period of time between May 7, 1993 and September 29, 1993. Following a hearing, the court denied his petition and a judgment was entered accordingly. Pursuant to 15 M.R.S.A. § 2131, we issued a certificate of probable cause.

■ Chestnut first contends that our decision in *Ring v. State,* 451 A.2d 1207 (Me. 1982), entitles him to the credit he seeks. We disagree. Unlike Chestnut, the defendant in *Ring* was returned to Maine pursuant to the Interstate Corrections Compact (ICC), 34–A M.R.S.A. §§ 9401–9424 (1988). The purpose of transferring a prisoner pursuant to the ICC is "to provide adequate quarters and care or an appropriate program of rehabilitation or treatment." *Id.* § 9404. Although remaining within the jurisdiction of the sending state, the prisoner remains incarcerated in the receiving state until the earlier of the completion of the prisoner's sentence or a transfer initiated by the sending state. *Id.*

By contrast, both the purpose and duration of a prisoner's transfer pursuant to the ICD are statutorily limited:

---

1. Pursuant to the ICD, when a prisoner incarcerated in one jurisdiction (the "sending state"), has a pending indictment, information or complaint in another jurisdiction (the "receiving state"), the prisoner may request a transfer to the receiving state to resolve the outstanding charges. 34–A M.R.S.A. § 9603.

2. The 6– to 12–year sentence was to be served concurrently with sentences stemming from two other Sullivan County convictions as well as sentences of lesser periods of incarceration for offenses committed in two other New York counties. The Sullivan County court also recommended that the New York sentences should run concurrently with Chestnut's previously imposed Maine sentences, "if permitted."

3. As required by 17–A M.R.S.A. § 1256(1) (Supp. 1995), the court imposed Chestnut's escape sentence to run consecutively to his 1990 Maine sentences.

**4. Purpose.** The temporary custody referred to in this agreement shall be *only for the purpose of permitting prosecution* on the charge or charges contained in one or more untried indictments, informations or complaints which form the basis of the detainer or detainers or for prosecution on any other charge or charges arising out of the same transaction. . . .

**5. Return.** *At the earliest practicable time consonant with the purposes of this agreement, the prisoner shall be returned to the sending state.*

. . . .

**7. Escape.** *For all purposes other than that for which temporary custody as provided in this agreement is exercised, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state. . . .*

34–A M.R.S.A. § 9605(4), (5) & (7) (emphasis added). We discern nothing in the language of the applicable statute requiring that the period of time Chestnut was in Maine awaiting resolution of the pending charges against him should be credited against the 1990 sentences.

 Chestnut also contends that Maine should have instituted extradition proceedings for his return and the State's failure to do so is unfairly lengthening his sentence. Contrary to Chestnut's contentions, however, Maine is not required to institute extradition proceedings to secure his return to Maine, but is merely permitted to do so "[w]hen it is desired." 15 M.R.S.A. § 205 (1980). The State's decision whether to seek Chestnut's extradition is entirely within its discretion. Accordingly, the trial court properly rejected Chestnut's request to order that extradition proceedings be instituted for his return to Maine.

The entry is:

Judgment affirmed.

All concurring.